UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     **CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5:02-111-JMH |
| v. | ) |
| GREGORY DAVIS, | ) |
| | ) **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) |

                         **    **    **    **    **

This matter is before the Court upon the Motion for Reconsideration of Coram Nobis Relief by Petitioner [DE 267] and Amended Petition for a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651 [DE 268] filed in the record of this matter. Both of these documents were filed by Augusta Slone, who purports to be Defendant Davis' "next best friend." Ms. Slone is, by her own admission, not an attorney. Thus, even if Mr. Davis is sincerely in need of a "next best friend," she may not represent Davis without the participation of counsel.

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage." That statute does not, however, authorize non-lawyers to represent the interests of parties. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but

-1-

cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves' ") (citation omitted). "'That a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law.'"  *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 756 (6th Cir.2005) (citation omitted), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist.*, 550 U.s. 516 (2007).

As explained in *Riddle v. Ruble-Ruparel*, Civil Action No. 6:04-620-DCR, 2005 WL 1866052, *1-2 (E.D.Ky.  Aug. 3, 2005):

> Absent a showing of exceptional circumstances (which showing has not been made here), a litigant may not be represented by a non-attorney engaging in the unauthorized practice of law. *See Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978). It has been said that " 'the practice of law' is any service rendered involving legal knowledge or legal advice, whether of representation, counsel, or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities or business relations of one requiring the services." *Kentucky State Bar Assn. v. Bailey*, 409 S.W.2d 530 (Ky. App. 1966) (citing Kentucky Supreme Court Rule No. 3.020).
>
> The unauthorized practice of law may be deemed "misbehavior" punishable as criminal contempt pursuant to 18 U.S.C. § 401(1). *Vaughn v. City of Flint*, 752 F.2d 1160 (6th Cir.1985) (citing *United States v. Peterson*, 550 F.2d 379 (7th Cir.1977)). In addition, the signing and filing of a pleading on behalf of another

> person by one who is not a qualified attorney makes that pleading ineffective to vest a court with jurisdiction and warrants that such a pleading be dismissed. *See Theriault v. Sibler*, 579 F.2d 302, 302 n. 1 (5th Cir.1978); *Scarrella v. Midwest Fed. Sav. Loan*, 536 F.2d 1207, 1209 (8th Cir.) ( per curiam ); *McKinney v. DeBord*, 507 F.2d 501, 503 (9th Cir.1974).

Even assuming that Slone has Davis' power of attorney, the law still would not permit her to represent Davis as an attorney-at-law in legal proceedings. *Harris v. Philadelphia Police Dept.*, No. 06-CV-2192, 2006 WL 3025882, at *2-3 (E.D. Pa. Oct. 20, 2006) ("federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney"); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney); *Drake v. Superior Court*, 26 Cal. Rptr. 2d 829 (Cal. App. 4th 1994) (power of attorney vests another with power to act as attorney in fact, not as an attorney at law). Consequently, the requests for relief made by Augusta Slone on Defendant Davis's behalf must be denied, although it will be done without prejudice, since the Court declines to reach the merits of the arguments contained in the documents.

Accordingly, **IT IS ORDERED**:

(1)  that the Motion for Reconsideration of Coram Nobis Relief by Petitioner [DE  267] and Amended Petition for a writ of coram

nobis under the All Writs Act, 28 U.S.C. § 1651 [DE 268] are **DENIED;**

(2) that the Clerk shall **SERVE** a copy of this Memorandum Opinion & Order to Defendant Davis at the address provided for service in his Notice to the Clerk [DE 266], which shall remain his address for service in this matter until such time as he advises the Clerk of Court that he wishes to change it; and

(3) that the Clerk shall also **SERVE** a copy of this Memorandum Opinion & Order to Gregory Davis, #12887-074, FCI Coleman Medium, Federal Correctional Institution, P.O. Box 1032, Coleman, FL 33521.

This the 17th day of February, 2012.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge