UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal Action No. 5:02-111-JMH |
| | ) |
| v. | ) |
| | ) |
| GREGORY DAVIS, | ) |
| | ) **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) |

** ** ** ** **

Petitioner Davis has filed a Motion for Bond Pending Appeal of Writ of Coram Nobis/Writ of Audita Querela in which he asks that he be released on bond during the pendency of his appeal.  [DE 276.]

The Court has considered his request in light of 18 U.S.C. § 3143(b), which provides that a person found guilty of an offense and sentenced to a term of imprisonment must be detained unless a judicial officer concludes 1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002); *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). This statute creates a presumption against release pending appeal.

*United States v. Vance*, 851 F.2d 166, 168-69 (6th Cir. 1988).

The Court is not persuaded that Davis raises a substantial question of law or fact in the matter before it.  *See Pollard*, 778 F.2d at 1182 ("[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.") (internal quotation and citation omitted).  The Notice of Appeal which he filed on March 5, 2012 [DE 270], is concerned with the Court's February 17, 2012, decision [DE 269] to deny his Motion for Reconsideration and Amended Petition for a Writ of Error Corman Nobis.  The Court's denial of relief was premised on the fact that someone, not an attorney, sought to proceed on Davis' behalf, which is not permitted and which is not a hotly contested issue of law. Petitioner Davis's challenge does not present a close question.  As such, release on bond is not appropriate.

Accordingly, **IT IS ORDERED** that Petitioner Davis's Motion for Bond Pending Appeal of Writ of Coram Nobis/Writ of Audita Querela [DE 276] is **DENIED.**

This the 7th day of May, 2013.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge